### GILPIN *v.* BALTIMORE & O. R. Co.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. **FOREIGN JUDGMENT—FRAUDULENT COMPROMISE—REMEDY OF CREDITOR.**
   Plaintiff alleged that he recovered judgment for $10,000 by guardian *ad litem* against defendant in Ohio; that defendant demanded a second trial, and gave bond therefor in the penalty of $20,000; that no second trial was ever had; and that one C. fraudulently procured himself to be appointed guardian *ad litem* for plaintiff, and compromised his judgment at $3,800 by collusion with defendant, which sum C. converted to his own use. *Held,* that plaintiff's remedy was not by action in a New York court against defendant on the original judgment, but was by motion in the Ohio court to set aside the collusive settlement, and proceed to a second trial, the original judgment being incapable of enforcement so long as the bond for the second trial remained in force.

2. **SAME—INSUFFICIENCY OF COMPLAINT.**
   The complaint was also demurrable in that it failed to allege that the giving of the bond for the second trial was fraudulent or collusive.

3. **ALLEGING CHARACTER OF DEFENDANT CORPORATION.**
   A complaint in an action against a corporation which fails to state whether defendant is a foreign or domestic corporation is open to demurrer.

4. **PRINTING PAPERS ON APPEAL—DECISION OF TRIAL COURT.**
   On a motion requiring plaintiff to print an exemplified copy of a record, as a part of his complaint on appeal, the affidavit of defendant's counsel showed that plaintiff had made proffer of such exemplified copy in his complaint, but failed to produce the same at the trial, on which it was produced by defendant with plaintiff's consent, and used at the trial, which facts were denied by the affidavit of plaintiff's attorney. *Held,* that the judge at special term granting defendant's application was in the best position to know what papers were used at the trial, and that his decision granting defendant's application should not be disturbed.

Appeal from special term.

A ction by William R. Gilpin against the Baltimore & Ohio Railroad Company. From a judgment sustaining a demurrer to the complaint, and from an order denying his motion to set aside an order requiring him to print, as part of his complaint, in his appeal-book, on appeal from the judgment on the demurrer, the record of the proceedings in Ohio which were used on the argument of said demurrer, and agreed by counsel to be deemed a part of the complaint, and that said record be filed, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF, J.

*Thomas Nolan,* for appellant. *Tracy, McFarland, Ivins, Boardman & Platt,* for respondent.

DALY, C. J. It appears from the complaint that, on October 28, 1870, the plaintiff, by his guardian *ad litem,* Henry C. Helmick, duly appointed, recovered a judgment against the defendant for $10,000, in the court of common

pleas of Franklin county, Ohio; that the defendant demanded a second trial, and, according to the laws of Ohio in such cases made and provided, gave a bond for said second trial, dated November 15, 1870, and an additional bond dated November 23, 1870, for $20,000, double the amount of the judgment, as required by said laws as a condition, which bond was duly filed with the clerk of said court.    The complaint goes on to allege that no second trial was ever had, as required by the laws of Ohio, and provided by the said bond, but that a subsequent judgment of $3,800 was entered in said action, without any trial, and by way of compromise, and that this was effected by the fraudulent procurement of the defendant with one Henry Chittenden, who illegally procured himself to be appointed guardian, while said Helmick was the actual guardian, and that this was done with the connivance of defendant for the purpose of effecting such settlement and compromise for $3,800, which said Chittenden illegally secured, and has not paid plaintiff; that Chittenden had no authority to settle the cause, and that said settlement and subsequent judgment are wholly void, and the original judgment of $10,000 is now in full force and effect, and is still due and owing plaintiff; that plaintiff is now 21 years of age and upwards, and was brought to this city in November, 1871, when he was about 10 years of age, and had no knowledge of the proceedings taken in his case in the courts of Ohio, as aforesaid, until within the last 9 months, when he instituted this action as soon as the facts came to his knowledge; and the complaint demands judgment for the amount of the judgment recovered, as aforesaid, with interest from October 28, 1870.    It is manifest at once, from the statement of the complaint, that, if no second trial was had, as provided by the laws of Ohio upon the giving of the bond to secure the same, the remedy of the plaintiff is to apply to the proper court in that state for such second trial.    If the alleged collusive and fraudulent judgment and settlement for $3,800 stands in the way of such trial, then his remedy is to move in the court where these proceedings were had to set them aside; but while the bond given by defendant to obtain a second trial remains in force, the original judgment cannot be enforced, and forms no ground of liability against the defendant in Ohio, or in this state.    There is no allegation in the complaint, as pointed out by the learned judge at special term, that the giving of the bond was in any way fraudulent or collusive, and no subsequent proceedings, no matter how fraudulent, would vitiate the bond, in the enforcement of which lies plaintiff's sole remedy, if any.    The demurrer was properly sustained, on the ground that the complaint does not state facts sufficient to constitute a cause of action.    There was another ground of demurrer, that the complaint omits to state whether the defendant is a foreign or domestic corporation, and this was also well taken.    *Bank* v. *Doying*, 11 Civil Proc. R. 61; Code, § 1775.

APPEAL FROM ORDER.

DALY, C. J.    The complaint refers to an exemplified copy of the proceedings, record, and judgment of the court of common pleas of Franklin county, Ohio, to be produced and proved on the trial of this action; also to an exemplified copy of the bonds mentioned in the complaint, which plaintiff proffers, and will produce on the trial.    On the trial of the demurrer defendant refused to proceed unless such records were produced, but, as plaintiff did not have them in court, defendant, with his consent, produced such exemplified copies, and the demurrer was argued upon them and the pleadings as served.    This appears by the affidavit of the defendant's attorney and counsel; but it is denied in the affidavit of plaintiff's attorney and counsel.    As the learned judge who heard the demurrer granted the defendant's application to make such records a part of the appeal-book, and subsequently denied plaintiff's motion to set aside the order made on such application, we have, in effect, his corroboration of defendant's counsel as to what occurred upon the trial; and,

as he was in the best position to know upon what papers the argument was had, we cannot find that we would be justified in reversing his decision.

The judgment and order appealed from are each affirmed, with costs.